FILED
September 28, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: lad
DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| LOGAN DELLERMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FULL SAIL, LLC d/b/a FULL SAIL UNIVERSITY, a Florida limited liability company,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.<br>**6:26-cv-00635-CRW-DTG**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.;**<br><br>**(2) VIOLATIONS OF TEX. BUS. & COM. CODE § 305.053; and**<br><br>**(3) VIOLATIONS OF TEX. BUS. & COM. CODE §§ 302.101 AND 302.302**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Logan Dellerman ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, brings this Class Action Complaint against Defendant Full Sail, LLC d/b/a Full Sail University ("Defendant" or "Full Sail") and alleges as follows upon personal knowledge as to his own acts and experiences, and upon information and belief, including the investigation of counsel, as to all other matters.

## NATURE OF THE ACTION

1. This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA") and its implementing regulations, and under Texas law, arising from Defendant's practice of placing repeated telemarketing calls soliciting enrollment in its for-profit university to consumers whose telephone numbers are registered on the National Do-Not-Call Registry—and continuing to call even after consumers expressly tell Defendant to stop.

2. Plaintiff never requested information from Full Sail, never applied to Full Sail, and has no business relationship with Full Sail. Nevertheless, beginning on or about February 24, 2026, Full Sail began to inundate Plaintiff's cellular telephone with enrollment solicitation calls—at least twenty-six documented calls over approximately three months, from multiple telephone numbers. Plaintiff's cellular telephone number has been registered on the National Do-Not-Call Registry since December 7, 2025—more than 31 days before every call at issue.

3. On or about February 26, 2026, around the time of Full Sail's first burst of calls, Plaintiff answered a call and expressly told Full Sail to stop calling him. Full Sail ignored him. After Plaintiff's do-not-call request, Full Sail placed at least nineteen additional solicitation calls to Plaintiff's number, at least ten of

which came more than ten business days after his request. On May 27, 2026 alone, Full Sail called Plaintiff at least six times in a row from a single number.

4. The TCPA's implementing regulations prohibit any telephone solicitation to a telephone number registered on the National Do-Not-Call Registry, 47 C.F.R. § 64.1200(c)(2), and require any person or entity engaged in telemarketing to institute and honor internal do-not-call procedures meeting certain enumerated "minimum standards", which include, *inter alia*, recording and honoring a consumer's request not to receive further telemarketing calls within a reasonable time, not to exceed ten business days, 47 C.F.R. § 64.1200(d). Defendant violated both sets of regulations.

5. Plaintiff brings this action on behalf of himself and nationwide classes of similarly situated consumers to recover the statutory damages Congress provided, of up to $500 per violation, trebled up to $1,500 per violation for Defendant's knowing and willful misconduct, together with injunctive relief. 47 U.S.C. § 227(c)(5). On behalf of himself and a subclass of Texas recipients, Plaintiff also seeks statutory damages under Tex. Bus. & Com. Code § 305.053, and, on behalf of himself and the Texas Registration Class, civil penalties of up to $5,000 per telephone solicitation under Tex. Bus. & Com. Code §§ 302.101 and 302.302.

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the TCPA, a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012).

7. This Court also has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because the proposed classes exceed 100 members, at least one class member is a citizen of a state different from Defendant—Plaintiff is a citizen of Texas, while Defendant is a citizen of Florida—and, on information and belief, the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

8. This Court has supplemental jurisdiction over the Texas state-law claims under 28 U.S.C. § 1367(a) because those claims arise from the same nucleus of operative fact—Defendant's unlawful telemarketing campaign—as the federal claims.

9. This Court has specific personal jurisdiction over Defendant because Defendant purposefully directed its telemarketing activities at Texas: Defendant placed, or caused to be placed on its behalf, repeated telephone solicitations to Plaintiff's Texas telephone number, which Plaintiff received in Texas, and Plaintiff's claims arise directly out of those forum-directed contacts.

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District, including that Plaintiff received Defendant's telephone solicitations while physically located in Milam County, Texas, within this District. Assignment to the Waco Division is proper because Plaintiff resides in Milam County, which is within the Waco Division.

## PARTIES

11. Plaintiff Logan Dellerman is a natural person and a resident of Milano, Milam County, Texas, within this District. At all relevant times, Plaintiff was the subscriber, owner, and sole customary user of the cellular telephone number ending in 2029 (the "Number") and was financially responsible for the Number.

12. Plaintiff uses the Number as a personal, residential telephone line. The Number is assigned to a cellular telephone exchange service, is not associated with any business, is not held out to the public for business purposes, and is used by Plaintiff for personal, family, and household purposes, including in and around his home. Plaintiff is accordingly a "residential telephone subscriber" within the meaning of the TCPA and its implementing regulations.

13. Plaintiff registered the Number on the National Do-Not-Call Registry on December 7, 2025. The Number has remained continuously registered on the

Registry since that date, and was registered more than 31 days before each of the calls alleged herein.

14. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

15. Defendant Full Sail, LLC is a limited liability company organized under the laws of Florida with its principal place of business at 3300 University Boulevard, Suite 218, Winter Park, Florida 32792. Full Sail, LLC does business as "Full Sail University," a for-profit, private university that markets and sells post-secondary educational programs and services—including on-campus and online degree programs—to consumers throughout the United States, including in Texas. Full Sail is not a tax-exempt nonprofit organization, is not exempt from taxation under Section 501(c)(3) of the Internal Revenue Code, does not appear in the Internal Revenue Service's database of organizations exempt from federal income taxation, and is classified by the U.S. Department of Education as a private for-profit institution.

16. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## THE TELEPHONE CONSUMER PROTECTION ACT

17. In 1991, Congress enacted the TCPA to protect consumers from the nuisance and privacy invasion caused by unwanted telemarketing. Congress found that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy" and that "[m]any consumers are outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers." Pub. L. No. 102-243, § 2(5)–(6), 105 Stat. 2394 (1991).

18. Section 227(c) of the TCPA directed the Federal Communications Commission (the "FCC") to initiate a rulemaking proceeding "concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object," and to prescribe regulations implementing methods and procedures for protecting those privacy rights. 47 U.S.C. § 227(c)(1)–(2).

### A. The National Do-Not-Call Registry

19. Among the regulations promulgated under Section 227(c) is 47 C.F.R. § 64.1200(c)(2), which prohibits initiating any telephone solicitation to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." Such do-not-call registrations "must be honored indefinitely." *Id.*

20. A "telephone solicitation" is "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(15). The term excludes calls made "[b]y or on behalf of a tax-exempt nonprofit organization," 47 C.F.R. § 64.1200(f)(15)(iii)—an exclusion that does not apply to Defendant, a for-profit enterprise.

**B. Internal Do-Not-Call Procedures**

21. Also promulgated under Section 227(c) is 47 C.F.R. § 64.1200(d), which provides that "[n]o person or entity shall initiate . . . any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity," and which prescribes minimum standards for those procedures.

22. The minimum standards prescribed by 47 C.F.R. § 64.1200(d) include, among others: (a) a written policy, available upon demand, for maintaining a do-not-call list, *id.* § 64.1200(d)(1); (b) training of personnel engaged in telemarketing in the existence and use of the do-not-call list, *id.* § 64.1200(d)(2); and (c) recording and honoring a consumer's do-not-call request "within a reasonable time from the date such request is made," a period that "may not exceed ten (10) business days from the receipt of such request," *id.* §

64.1200(d)(3). A do-not-call request must be honored for five years from the time it is made. *Id.* § 64.1200(d)(6).

23. The rules set forth in 47 C.F.R. § 64.1200(c) and (d) apply to wireless telephone numbers: they are "applicable to any person or entity making telephone solicitations or telemarketing calls or text messages to wireless telephone numbers." 47 C.F.R. § 64.1200(e).

24. Section 227(c)(5) creates a private right of action for "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection," and authorizes injunctive relief and recovery of up to $500 in statutory damages for each violation, which may be trebled to up to $1,500 per violation where the defendant acted willfully or knowingly. 47 U.S.C. § 227(c)(5).

25. Unwanted telemarketing calls constitute a concrete injury in fact. Such calls invade privacy, intrude upon seclusion, disturb the recipient's solitude, occupy the recipient's telephone line, and waste the recipient's time. *See Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686 (5th Cir. 2021) (even a single unwanted telemarketing message is a concrete Article III injury).

**THE TEXAS TELEPHONE SOLICITATION STATUTES**

26. Texas law provides a private right of action to "[a] person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted

under that provision, or Subchapter A" of Chapter 305 of the Texas Business and Commerce Code. Tex. Bus. & Com. Code § 305.053(a). A prevailing plaintiff is entitled to the greater of $500 for each violation or actual damages, *id.* § 305.053(b), and if the court finds the defendant committed the violation knowingly or intentionally, the court may increase the award to not more than the greater of $1,500 for each violation or three times actual damages, *id.* § 305.053(c).

27. Separately, Chapter 302 of the Texas Business and Commerce Code requires sellers making telephone solicitations to register with the Texas Secretary of State: "[a] seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a). A "telephone solicitation" under Chapter 302 is "a call or other transmission, including a transmission of a text or graphic message or of an image, initiated by a seller or salesperson to induce a person to purchase, rent, claim, or receive an item." *Id.* § 302.001(7).

28. A person who violates Chapter 302 is subject to a civil penalty of not more than $5,000 for each violation, and the party bringing the action is entitled to recover all reasonable costs of prosecuting the action, including court costs, investigation costs, deposition expenses, witness fees, and attorney's fees. Tex. Bus. & Com. Code § 302.302(a), (d).

29. Chapter 302 contains an exemption for "an educational institution or organization or a nonprofit organization exempt from taxation under Section 501(c)(3), Internal Revenue Code of 1986." Tex. Bus. & Com. Code § 302.055. A party claiming an exemption from Chapter 302 bears the burden of proving the exemption. *Id.* § 302.051(a). To the extent Defendant—a for-profit commercial enterprise that is not exempt from taxation under Section 501(c)(3)—contends that § 302.055 exempts it from Chapter 302, Defendant bears the burden of establishing that exemption. Properly read, § 302.055 exempts only educational institutions and organizations that are themselves exempt from taxation under Section 501(c)(3) of the Internal Revenue Code, as the section's title—"Exemption: Educational and Nonprofit Organizations"—and the Legislature's directive that Chapter 302 "be liberally construed and applied to promote its underlying purpose to protect persons and the public," Tex. Bus. & Com. Code § 302.003(a), both confirm. A for-profit commercial enterprise that sells degree programs for tuition is not within that exemption. Plaintiff's claim under § 305.053 is unaffected by Chapter 302's exemptions in any event.

## FACTUAL ALLEGATIONS

30. Full Sail markets and sells enrollment in its for-profit degree and certificate programs to consumers throughout the United States. On information and belief, a core component of Full Sail's marketing strategy is high-volume

outbound telephone solicitation of potential students, conducted by Full Sail's own enrollment personnel and/or by lead-generation and enrollment-marketing vendors acting on Full Sail's behalf.

31. Plaintiff has never been a student or customer of Defendant, has never had any business relationship with Defendant, has never provided his telephone number to Defendant, has never requested information from Defendant about any school or educational program, and has never given Defendant prior express invitation or permission—let alone prior express written consent—to call him.

32. Plaintiff registered the Number on the National Do-Not-Call Registry on December 7, 2025.

33. Beginning on or about February 24, 2026—more than two months after Plaintiff's registration—Defendant placed, or caused to be placed on its behalf, repeated telephone solicitations to Plaintiff's Number soliciting enrollment in Full Sail University. Between February 24, 2026 and at least May 27, 2026, Defendant placed at least twenty-six documented solicitation calls to Plaintiff's Number.

34. Upon information and belief, Defendant's calls were transmitted from at least seven telephone numbers: (979) 326-1559, (979) 326-1248, (979) 326-1327, (979) 326-1518, (979) 326-1557, (979) 326-1984, and (936) 510-9662.

35. Calls from (979) 326-1559 displayed the caller identification name "Full Sail University" on Plaintiff's telephone.

36. On May 27, 2026, Defendant called Plaintiff at least six times in immediate succession from (936) 510-9662. The callers identified themselves as calling from Full Sail when calling from this number.

37. The five remaining numbers—(979) 326-1248, (979) 326-1327, (979) 326-1518, (979) 326-1557, and (979) 326-1984—share the same area code and exchange as (979) 326-1559, the number that displayed Defendant's name. On information and belief, all of the (979) 326-1XXX numbers were used by or on behalf of Defendant as part of a single rotating-number solicitation campaign directed at Plaintiff.

38. Each of Defendant's calls constituted "telemarketing" and a "telephone solicitation" within the meaning of the TCPA and its implementing regulations: each was initiated for the purpose of encouraging Plaintiff to purchase Defendant's educational programs and services—that is, to enroll and pay tuition at Full Sail University.

39. On or about February 26, 2026, immediately after Defendant's first burst of calls, Plaintiff answered one of Defendant's calls and expressly told Defendant to stop calling him.

40. Defendant was required to record and honor Plaintiff's February 26, 2026 do-not-call request within a reasonable time not to exceed ten business days. 47 C.F.R. § 64.1200(d)(3).

41. Defendant did not honor Plaintiff's request. After Plaintiff's February 26, 2026 do-not-call request, Defendant placed at least nineteen additional telephone solicitations to Plaintiff's Number, including calls on February 27 and 28, 2026; March 1, 12, 16, 20, 24, and 28, 2026; April 2, 2026; and May 20, 26, and 27, 2026.

42. At least ten of Defendant's post-opt-out calls were placed more than ten business days after Plaintiff's do-not-call request.

43. On information and belief, Defendant either (a) has not instituted the written do-not-call policy required by 47 C.F.R. § 64.1200(d)(1); (b) has failed to train its personnel and its agents' personnel in the existence and use of an internal do-not-call list as required by 47 C.F.R. § 64.1200(d)(2); and/or (c) has failed to record and honor do-not-call requests as required by 47 C.F.R. § 64.1200(d)(3) and (d)(6). Defendant's transmission of at least nineteen telephone solicitations to Plaintiff after his number had been registered on the National Do-Not-Call Registry for months—and after his express request that Defendant stop—is itself powerful evidence of each of these failures.

44. Because Defendant had not instituted the procedures that 47 C.F.R. § 64.1200(d) makes a precondition to initiating any call for telemarketing purposes, each telemarketing call Defendant made to Plaintiff was initiated in violation of the regulation.

45. Plaintiff received Defendant's telephone solicitations in Texas, on a telephone number with a Texas-based subscriber, while Plaintiff was located in Texas.

46. On information and belief, at no relevant time did Defendant hold a registration certificate issued by the Texas Secretary of State pursuant to Tex. Bus. & Com. Code § 302.101 for any business location from which its telephone solicitations to Plaintiff were made. On information and belief, no telephone solicitation registration statement or registration certificate has been filed under Tex. Bus. & Com. Code ch. 302 by or on behalf of Full Sail, LLC, Full Sail University, or Full Sail Inc.

47. Plaintiff was harmed by Defendant's calls. The calls invaded his privacy, intruded upon his seclusion, annoyed and harassed him, occupied his telephone line, and wasted his time, including the time spent answering Defendant's calls, telling Defendant to stop, and documenting Defendant's continuing calls.

48. Plaintiff's experience is not unique. On information and belief, Defendant's enrollment-solicitation campaigns are conducted *en masse*, through rotating banks of outbound telephone numbers, and Defendant's failure to honor the National Do-Not-Call Registry and to institute and honor internal do-not-call procedures is systematic. On information and belief, Defendant has placed telephone solicitations to hundreds or thousands of consumers whose numbers were registered on the National Do-Not-Call Registry, including consumers who asked Defendant to stop.

49. On information and belief, Defendant and its vendors maintain, or have access to, dialing records, lead files, dialing-platform logs, and customer-relationship-management data reflecting the date, time, target number, and disposition of each outbound solicitation call, as well as inbound do-not-call requests, such that class members are readily identifiable from Defendant's and its vendors' records.

50. Absent injunctive relief, Plaintiff reasonably fears that Defendant's unlawful calls will continue.

## CLASS ACTION ALLEGATIONS

51. Plaintiff brings this action individually and on behalf of all others similarly situated pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and

23(b)(3), as a member and representative of the following classes and subclasses (collectively, the "Classes"):

**National Do-Not-Call Registry Class:** All persons in the United States who, within four years prior to the filing of this action through the date of class certification, (1) received more than one telephone solicitation call within any 12-month period, (2) made by or on behalf of Defendant, (3) at a time when the person's telephone number had been registered on the National Do-Not-Call Registry for at least 31 days.

**Internal Do-Not-Call Class:** All persons in the United States who, within four years prior to the filing of this action through the date of class certification, (1) received more than one telemarketing call within any 12-month period, (2) made by or on behalf of Defendant, (3) after the person had communicated to Defendant, or to anyone calling on Defendant's behalf, a request to not receive further calls.

**Texas Subclass:** All members of the National Do-Not-Call Registry Class or the Internal Do-Not-Call Class who were residents of Texas at the time they received calls from Defendant or on its behalf.

**Texas Registration Class:** All residents of Texas, or subscribers of a telephone number assigned a Texas area code, who, within four years prior to the filing of this action through the date of class certification, received one or more telephone solicitations made by or on behalf of Defendant, at a time when Defendant did not hold a registration certificate issued by the Texas Secretary of State pursuant to Tex. Bus. & Com. Code § 302.101.

52. Excluded from the Classes are Defendant; any entity in which Defendant has a controlling interest; Defendant's officers, directors, legal representatives, successors, and assigns; any judge assigned to this case and members of the judge's immediate family and staff; and Plaintiff's counsel.

Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

53. **Numerosity.** The members of the Classes are so numerous that joinder of all members is impracticable. On information and belief, based on the general nature of telemarketing campaigns as well as the aggressive telemarketing that Defendant placed to Plaintiff, Plaintiff alleges that Defendant placed telephone solicitations *en masse* to thousands of consumers, including hundreds or thousands whose telephone numbers were registered on the National Do-Not-Call Registry and hundreds or thousands who asked Defendant to stop. The precise number of members of each of the Classes is ascertainable from Defendant's and its vendors' records.

54. **Ascertainability.** The Classes are defined by objective criteria, and their members can be identified from Defendant's and its vendors' call records, lead files, dialing-platform records, customer-relationship-management data, and carrier records, together with the National Do-Not-Call Registry.

55. **Commonality and Predominance.** Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting only individual members, including: (a) whether Defendant's calls were telephone solicitations and/or telemarketing; (b) whether Defendant initiated telephone solicitations to telephone numbers registered on the National Do-Not-

Call Registry; (c) whether Defendant instituted the procedures required by 47 C.F.R. § 64.1200(d), including a written policy, personnel training, and the recording of do-not-call requests; (d) whether Defendant honored do-not-call requests within the time required by law; (e) whether Defendant is directly or vicariously liable for the calls; (f) whether Defendant's violations were willful or knowing; (g) whether Defendant made telephone solicitations to persons located in Texas without holding the registration certificate required by Tex. Bus. & Com. Code § 302.101; (h) the appropriate measure of statutory damages and civil penalties; and (i) the appropriate scope of injunctive relief.

56. **Typicality.** Plaintiff's claims are typical of the claims of the Classes. Plaintiff and all National Do-Not-Call Registry Class members received more than one telephone solicitation in a 12-month period while their numbers were registered on the National Do-Not-Call Registry; Plaintiff and all Internal Do-Not-Call Class members received telemarketing calls made by or on behalf of Defendant after asking that the calls stop; and Plaintiff, a Texas resident with a Texas telephone number, and all Texas Subclass and Texas Registration Class members received Defendant's solicitations in Texas. All assert the same claims under the same statutes and regulations arising from the same course of conduct.

57. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff's interests are aligned with, and not antagonistic to, those of

the Classes, and Plaintiff has retained counsel experienced in consumer class actions and TCPA litigation. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

58. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The statutory damages available to each member of the Classes are modest relative to the burden and expense of individual litigation, class-wide issues can be resolved through common proof drawn from Defendant's own records, and class treatment will conserve judicial resources and avoid inconsistent adjudications. No unusual manageability difficulties are presented.

59. Defendant has acted or refused to act on grounds generally applicable to the Classes, making final injunctive relief appropriate respecting the Classes as a whole under Rule 23(b)(2).

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Negligent Violations of the TCPA, 47 U.S.C. § 227(c), and 47 C.F.R. § 64.1200(c) (On Behalf of Plaintiff and the National Do-Not-Call Registry Class)

60. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

61. Defendant violated 47 C.F.R. § 64.1200(c)(2), a regulation prescribed under 47 U.S.C. § 227(c), by initiating more than one telephone solicitation within a 12-month period to Plaintiff and to each National Do-Not-Call Registry Class member, including wireless subscribers per 47 C.F.R. § 64.1200(e), whose telephone numbers had been registered on the National Do-Not-Call Registry for at least 31 days.

62. Plaintiff and the National Do-Not-Call Registry Class members did not provide Defendant with prior express invitation or permission evidenced by a signed, written agreement, did not have an established business relationship with Defendant, and no other exemption applies.

63. The foregoing violations were, at minimum, negligent.

64. As a result of Defendant's violations, Plaintiff and each National Do-Not-Call Registry Class member are entitled to an award of up to $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B), and to injunctive relief pursuant to 47 U.S.C. § 227(c)(5)(A).

65. Based on the facts alleged herein, Plaintiff alleges upon information and belief that discovery will show that Defendant's violations were knowing and/or willful. Defendant initiated telephone solicitations *en masse* without honoring the National Do-Not-Call Registry, and continued to solicit Plaintiff for

months after he expressly told Defendant to stop and told Defendant he had never requested any information.

66. As a result of Defendant's knowing and/or willful violations, Plaintiff and each National Do-Not-Call Registry Class member may be awarded, and Plaintiff seeks, treble damages of up to $1,500 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5), and injunctive relief pursuant to 47 U.S.C. § 227(c)(5)(A).

## SECOND CAUSE OF ACTION

### Negligent Violations of the TCPA, 47 U.S.C. § 227(c), and 47 C.F.R. § 64.1200(d) (On Behalf of Plaintiff and the Internal Do-Not-Call Class)

67. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs, except those under the preceding Count, as though fully set forth herein.

68. Defendant initiated, or caused to be initiated on its behalf, more than one telemarketing call within a 12-month period to Plaintiff and to each Internal Do-Not-Call Class member after Plaintiff and each such Class member had requested that the calls stop.

69. In so doing, Defendant violated the regulations prescribed under 47 U.S.C. § 227(c), including 47 C.F.R. § 64.1200(d), by initiating telemarketing calls to residential telephone subscribers, including wireless subscribers per 47 C.F.R. §

64.1200(e), without having instituted the required minimum procedures, including a written do-not-call policy, personnel training, and the recording and timely honoring of do-not-call requests. 47 C.F.R. § 64.1200(d)(1)–(3), (6).

70. The foregoing violations were, at minimum, negligent.

71. As a result of Defendant's violations, Plaintiff and each Internal Do-Not-Call Class member are entitled to an award of up to $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B), and to injunctive relief prohibiting Defendant's continuing violations, pursuant to 47 U.S.C. § 227(c)(5)(A).

72. Based on the facts alleged herein, Plaintiff alleges upon information and belief that discovery will show that Defendant's violations were knowing and/or willful. Defendant received Plaintiff's and Class members' express stop requests and nevertheless continued to call. Defendant knew, or recklessly disregarded, that the recipients had asked it to stop.

73. As a result of Defendant's knowing and/or willful violations, Plaintiff and each Internal Do-Not-Call Class member may be awarded, and Plaintiff seeks, treble damages of up to $1,500 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5), and injunctive relief pursuant to 47 U.S.C. § 227(c)(5)(A).

## THIRD CAUSE OF ACTION

### Violations of Tex. Bus. & Com. Code § 305.053
### (On Behalf of Plaintiff and the Texas Subclass)

74. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs, except those under the preceding Counts, as though fully set forth herein.

75. Plaintiff and the Texas Subclass members received communications—Defendant's telephone solicitations—that violated 47 U.S.C. § 227 and the regulations adopted under that provision, including 47 C.F.R. § 64.1200(c)(2) and (d), as alleged above.

76. Under Tex. Bus. & Com. Code § 305.053, Plaintiff and each Texas Subclass member are entitled to the greater of $500 for each violation or actual damages, together with an injunction, and, because Defendant committed the violations knowingly or intentionally—including by continuing to call after express stop requests—the Court may increase the award to not more than the greater of $1,500 for each violation or three times actual damages. Tex. Bus. & Com. Code § 305.053(b), (c).

## FOURTH CAUSE OF ACTION

### Violations of Tex. Bus. & Com. Code §§ 302.101 and 302.302 (On Behalf of Plaintiff and the Texas Registration Class)

77. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs, except those under the preceding Counts, as though fully set forth herein.

78. Plaintiff and the members of the Texas Registration Class received Defendant's telephone solicitations in Texas while located in Texas.

79. Section 302.101 of the Texas Business and Commerce Code prohibits a seller from making a telephone solicitation from a location in Texas, or to a purchaser located in Texas, unless the seller holds a registration certificate issued by the Texas Secretary of State for the business location from which the solicitation is made.

80. Each of Defendant's calls to Plaintiff and the members of the Texas Registration Class was a "telephone solicitation" within the meaning of Tex. Bus. & Com. Code § 302.001 because each was initiated to induce the recipient to purchase, claim, or receive Defendant's educational programs and services.

81. On information and belief, at no relevant time did Defendant hold a registration certificate issued by the Texas Secretary of State pursuant to Tex. Bus. & Com. Code § 302.101.

82. To the extent Defendant contends it is exempt from Chapter 302 under Tex. Bus. & Com. Code § 302.055 or any other provision, Defendant bears the burden of proving that exemption. Tex. Bus. & Com. Code § 302.051(a). Properly read, § 302.055 exempts only educational institutions and organizations that are themselves exempt from taxation under Section 501(c)(3); a for-profit commercial enterprise that sells degree programs for tuition is not within that exemption.

83. Plaintiff and each Texas Registration Class member are entitled to a civil penalty of not more than $5,000 for each violation, together with all reasonable costs of prosecuting the action, including court costs, investigation costs, deposition expenses, witness fees, and attorney's fees. Tex. Bus. & Com. Code § 302.302(a), (d).

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendant and its affiliates, agents, and vendors take affirmative steps to preserve all evidence relevant to this action, including without limitation: all outbound-dialing records, dialing-platform and telephony logs, and call-detail records for the telephone numbers identified herein and any other numbers used in Defendant's enrollment-solicitation campaigns; all lead files, lead-source and consent records, and the identity of any lead generator, vendor, or contractor involved; all internal do-not-call lists, do-not-call policies,

and training materials; all records of do-not-call requests and their handling; and all communications concerning the telemarketing campaigns at issue. These materials are discoverable electronically stored information, and their destruction, alteration, or loss will support spoliation sanctions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Classes, respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

a. An order certifying the National Do-Not-Call Registry Class, the Internal Do-Not-Call Class, the Texas Subclass, and the Texas Registration Class as defined above, appointing Plaintiff as representative of the Classes, and appointing the undersigned as Class Counsel;

b. A declaration that Defendant's conduct violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c) and (d), Tex. Bus. & Com. Code § 305.053, and Tex. Bus. & Com. Code §§ 302.101 and 302.302;

c. An award to Plaintiff and each Class member of statutory damages of up to $500 for each negligent violation, pursuant to 47 U.S.C. § 227(c)(5)(B) and Tex. Bus. & Com. Code § 305.053(b);

d. An award to Plaintiff and each Class member of treble statutory damages of up to $1,500 for each knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5) and Tex. Bus. & Com. Code § 305.053(c);

e. An award to Plaintiff and each Texas Registration Class member of civil penalties of up to $5,000 per violation, plus all reasonable costs of prosecuting the action, including court costs, investigation costs, deposition expenses, witness fees, and attorney's fees, pursuant to Tex. Bus. & Com. Code § 302.302(a) and (d);

f. An injunction requiring Defendant to cease all telephone solicitations made in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c) and (d), and to institute the policies, training, and recordkeeping required by law, pursuant to 47 U.S.C. § 227(c)(5)(A) and Tex. Bus. & Com. Code § 305.053(a)(1);

g. An award of reasonable attorneys' fees and costs to the extent permitted by law;

h. Pre-judgment and post-judgment interest to the extent permitted by law; and

i. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims and issues so triable.

Dated: September 23, 2026

Respectfully Submitted,

**GOLD LAW, P.A.**

*/s/ Christopher Gold*
Christopher Gold, Esq.
Florida Bar No. 88733
(*pro hac vice* forthcoming)
GOLD LAW, P.A.
350 Lincoln Road, 2nd Floor
Miami Beach, FL 33139
Telephone: (305) 900-4653
Email: chris@chrisgoldlaw.com

**LAVIAN, P.C.**

Ilan Lavian (CA SBN 354592)
(*Pro hac vice* forthcoming)
ilan@lavianpc.com
LAVIAN, P.C.
10680 W. Pico Blvd., Suite 270
Los Angeles, CA 90064
Telephone: (213) 212-3036

*Attorneys for Plaintiff and the Proposed Classes*

**LAVIAN, P.C.**
10680 W. Pico Blvd., Suite 270 · Los Angeles, CA 90064
Tel. (213) 212-3036 · ilan@lavianpc.com

September 23, 2026

**VIA OVERNIGHT DELIVERY**

U.S. District Clerk
United States District Court
Western District of Texas — Waco Division
800 Franklin Avenue, Room 380
Waco, Texas 76701

**Re: New Civil Action — *Logan Dellerman, individually and on behalf of all others similarly situated v. Full Sail, LLC d/b/a Full Sail University* (Class Action Complaint; Jury Demanded)**

Dear Clerk:

Enclosed for filing in the Waco Division, please find the following case-opening documents on behalf of Plaintiff Logan Dellerman. Plaintiff's counsel are not yet admitted to practice in this District and are therefore not yet registered CM/ECF filers; accordingly, these documents are submitted conventionally.

1. Class Action Complaint and Demand for Jury Trial — original and three (3) copies;
2. Civil Cover Sheet (JS 44) — original and one (1) copy;
3. Summons in a Civil Action (AO 440) directed to Defendant Full Sail, LLC d/b/a Full Sail University, for issuance — original and one (1) copy;
4. Motion for Admission Pro Hac Vice of Ilan Lavian, with proposed Order — original and two (2) copies;
5. Motion for Admission Pro Hac Vice of Christopher Gold, with proposed Order — original and two (2) copies;
6. Check No. 9982 payable to "Clerk, U.S. District Court" in the amount of $405.00 (civil filing fee);
7. Check No. 9983 payable to "Clerk, U.S. District Court" in the amount of $100.00 (pro hac vice fee — Ilan Lavian);
8. Check No. 9984 payable to "Clerk, U.S. District Court" in the amount of $100.00 (pro hac vice fee — Christopher Gold); and

9. A prepaid, self-addressed return envelope.

Please file the Complaint, open a new civil action, and issue the enclosed Summons. We would be grateful if you would return the issued Summons, together with a file-stamped copy of the Complaint and of each Motion for Admission Pro Hac Vice showing the assigned case number, in the enclosed prepaid envelope.

If anything further is needed, please contact me at (213) 212-3036 or ilan@lavianpc.com. Thank you for your assistance.

Respectfully,

Ilan Lavian, Esq.
LAVIAN, P.C.
Counsel for Plaintiff

Enclosures (as stated)
cc: Christopher Gold, Esq., Gold Law, P.A. (via email, w/ encls.)

**PRIORITY MAIL®**

Retail

UNITED STATES POSTAL SERVICE®

76701

RDC 03 2 Lb 2.20 Oz

U.S. POSTAGE PAID
PM
BEVERLY HILLS, CA 90212
SEP 24, 2026

**$24.80**

S2324E500331-07

destinations.

RECEIVED
SEP 2 8 2026
RK, U.S. DISTRICT COURT
TERN DISTRICT OF TEXAS
DEPUTY CLERK

FROM:

Lavian, P.C.
10680 W. Pico Blvd.
Suite 270
Los Angeles, CA 90064

TO:

U.S. District Clerk's Office
United States District Court -
Western District of Texas
Attn: Civil Intake - New Case Filing
800 Franklin Avenue, Room 380
Waco, TX 76701

PAPER
BOX
Widely Recyclable
Flatten
how2recycle.info

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE